UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY A. HART,
FDOC Inmate No. 075432,
    Plaintiff,

vs.                                      Case No.: 3:20cv5765/LAC/EMT

SECRETARY DOC, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Randy A. Hart (Hart) commenced this case on August 20, 2020, by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Presently before the court is Hart's Amended Complaint and motion to proceed in forma pauperis (ECF Nos. 5, 6).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The undersigned concludes that this case should be dismissed without prejudice under 28 U.S.C. § 1915(g), because Hart is barred from proceeding in forma pauperis, and he failed to pay the filing fee upon commencement of this lawsuit.

I.    BACKGROUND

Hart is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Gulf Correctional Institution (ECF No. 5 at 2). Hart's Amended Complaint names two Defendants: S. Davis, Chief of Security at Blackwater River Correctional Facility; and C. Maiorana, Warden of Blackwater River C.F. (*id.* at 3). Hart's primary factual allegation against Defendants is that they held him against his will when he was housed at Blackwater River C.F. (*id.* at 4–5). Hart also alleges he was attacked by another inmate with a "combo lock" while in Defendants' custody (*id.* at 6). Hart claims Defendants' conduct violated the Eighth Amendment (*id.*). He seeks monetary damages in the amount of $3,000,000.00 from each Defendant (*id.*).

II.    DISCUSSION

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding in forma pauperis if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is in imminent danger of serious physical injury. *Id.* The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding in forma pauperis must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). As previously discussed, the only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Hart has six strikes under § 1915(g).  *See Hart v. Inch*, No. 4:18cv411/MW/MJF, 2018 WL 7075198 (N.D. Fla. Dec. 13, 2018) (recommending dismissal of Hart's civil rights action pursuant to three-strikes bar and identifying qualifying cases), *Report and Recommendation Adopted By*, 2019 WL 251491 (N.D. Fla. Jan. 17, 2019).

Because Hart has at least three strikes, he may not litigate this case in forma pauperis unless he demonstrates that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *Brown, supra*.  To fall within this exception, Hart's complaint must include "specific, credible allegations of imminent-danger of serious physical harm."  *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011).  General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (holding that a plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury . . . ."); *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) (holding that vague allegations of harm and unspecific references to injury are insufficient).  A claim by a prisoner

that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing," and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 213 (3d Cir. 2001).

Construed liberally, Hart's allegations—that Defendants previously held him in unlawful detention and that he was assaulted by another inmate while in their custody—fail to make a colorable showing that he is presently under imminent danger of serious physical injury. Because Hart is barred from proceeding in forma pauperis and failed to pay the filing fee at the time he filed this lawsuit, this case should be dismissed without prejudice under § 1915(g). *See Dupree*, 284 F.3d at 1236.

Case No.:   3:20cv5765/LAC/EMT

For the reasons discussed above, it is respectfully **RECOMMENDED**:

1. That Plaintiff's motion to proceed in forma pauperis (ECF No. 6) be **DENIED**.

2. That this action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

3. That the clerk of court be directed to close this case.

At Pensacola, Florida this 20th day of November 2020.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:   3:20cv5765/LAC/EMT